CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 02 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MEYERS,<br>    Plaintiff, | Civil Action No. 7:18-cv-00473 |
| v. | **MEMORANDUM OPINION** |
| GOVERNOR RALPH NORTHAM,<br>    Defendant. | By: Michael F. Urbanski<br>Chief United States District Judge |

David Meyers, a Virginia inmate proceeding pro se, commenced this civil action as a "petition for writ of mandamus." Plaintiff names as defendant the Governor of Virginia. Plaintiff demands that the Governor of Virginia order Red Onion State Prison ("ROSP") staff to cease their alleged illegal acts, order the Virginia State Police to investigate ROSP staff, and inquire why state judicial officials do not prosecute ROSP staff.

The petition is dismissed as frivolous because the court cannot grant the mandamus relief Plaintiff seeks. See, e.g., Neitzke v. Williams, 490 U.S. 319, 328 (1989). The court lacks jurisdiction to grant mandamus relief against state officials or state agencies. See 28 U.S.C. § 1361; see, e.g., Gurley v. Superior Ct. of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969). The court also does not have the authority to investigate alleged criminal activity. See, e.g., Jett v. Castaneda, 578 F.2d 842, 845 (9th Cir. 1978) (recognizing the investigation of crime is primarily an executive function).

Moreover, the court declines to construe the petition as a civil rights action under 42 U.S.C. § 1983, as it fails to state a cognizable federal claim against the Governor. To state a claim for relief under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of law. West v. Atkins, 487 U.S.

42 (1988). Meyers has alleged no facts against or conduct committed by the Governor and, thus, his allegations fail to state a cognizable § 1983 claim against him.

For the foregoing reasons, the action is dismissed as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

**ENTER**: This 2nd day of November, 2018.

/s/ Michael F. Urbanski
Chief United States District Judge